911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard CARR, Plaintiff-Appellant,
v.
CITY OF CHICAGO, Officer William Rafferty, Officer Terry
Jaglarsky, Officer Leonard Selva, Officer Irma Nollan, David
Fogel, Chicago Police Department, Office of Professional
Standards and unknown officers or civilians whose identities
are presently unknown to plaintiff, all individually and in
their official capacities, Defendants-Appellees.
 No. 89-1289.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1990.*
Decided Aug. 17, 1990.
 
 Before COFFEY and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Carr brought this complaint under 42 U.S.C. Sec. 1983 against the City of Chicago and several police officers, alleging that while attending a Chicago Bulls basketball game on February 7, 1984, the defendants violated his constitutional rights by arresting him for disorderly conduct when he refused to show a ticket for his seat and then forcibly ejecting him from the Chicago Stadium. With respect to the City of Chicago, Carr alleged that it pursued a policy or custom of arresting and detaining people without probable cause or an intent to prosecute. With respect to the police officers, Carr alleged that they arrested him without probable cause or intent to prosecute, used excessive force to effectuate his arrest, falsely imprisoned him and conspired to conceal these unlawful actions. The case came before the district court for a jury trial. The jury found against Carr on his claims against the City of Chicago and against all police officers except for officer Shannon. As to officer Shannon, the jury found that he arrested Carr without probable cause and used excessive force in making the arrest. The jury awarded Carr $2,000 in compensatory damages and $1,000 in punitive damages. Carr thereafter moved for a new trial. The district court denied the motion. This appeal followed.
 
 
 2
 We conclude that the denial of Carr's motion for a new trial was proper. The district court has broad discretion in ruling on a motion for a new trial and will be reversed only when exceptional circumstances show a clear abuse of that discretion. See General Foam Fabricators v. Tenneco Chem. Inc., 695 F.2d 281, 288 (7th Cir.1982). Carr does not point to any exceptional circumstances here, nor do we find any. At trial Carr was unable to show that the deprivations he suffered were the result of a municipal policy or custom required by Monell v. Department of Social Services, 436 U.S. 658 (1978), as a predicate to the City of Chicago's liability under Sec. 1983. See Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); see also City of Canton v. Harris, 489 U.S. 378 (1989); City of St. Louis v. Praprotnik, 485 U.S. 112 (1988). Carr's argument that the jury made no decision on the City of Chicago's liability lacks support in the record. The transcript reveals that the jury was individually polled about its verdict and affirmed that the City of Chicago was not liable to Carr. His additional argument, that the police department's General Order 78-1 is illegal, fails as well. Even assuming that the police officers arrested Carr in violation of this order, Carr still cannot prove that his arrests were the result of a municipal custom. Because from our review of the record, we are of the opinion that there existed probable cause for 16 of the 17 arrests on which evidence was presented at trial.
 
 
 3
 Carr also is unable to show any error in the exclusion of prior citizen complaints against the individual police officers. See United States v. Kane, 726 F.2d 344 (7th Cir.1984). This evidence had no bearing either on the liability of any of the officers for the February 7, 1984 arrest nor on the particular municipal policy or custom alleged by Carr.
 
 
 4
 Finally, Carr's argument that his attorney was ineffective is unavailing because he has no constitutional right to competent counsel. See DiAngelo v. Illinois Dep't of Public Aid, 891 F.2d 1260 (7th Cir.1989).
 
 
 5
 We accordingly affirm the judgment of the district court entered on the jury's verdict and the denial of Carr's new trial motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record