921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sherman GIBSON, Plaintiff/Appellant,
v.
L. McNAMARA, Sangamon County Jail, Springfield, Illinois,
Defendant/Appellee.
 No. 87-2435.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Dec. 21, 1990.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge**.
 
 ORDER
 
 2
 Sherman Gibson appeals the jury's verdict in favor of the defendant in his 42 U.S.C. Sec. 1983 action alleging various violations of his civil rights.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 When this action was filed Sherman Gibson was a pre-trial detainee in the Sangamon County, Illinois jail. The defendant, Lennard McNamara was a Sangamon County jail correctional officer.
 
 
 4
 Gibson's complaint alleged that the defendant shackled him to the toilet in his cell. Further, Gibson alleged that he was slapped and punched by the defendant. The defendant denied ever personally putting shackles on the plaintiff and hitting or punching Gibson.
 
 
 5
 The case went to trial against defendant McNamara. Initially, the plaintiff was appointed counsel, however, appointed counsel was allowed to withdraw prior to trial. Gibson made another motion for appointment of counsel, but this time the court denied plaintiff's request. Thus, the plaintiff proceeded pro se to trial on August 11, 1987.
 
 
 6
 The plaintiff now appeals the jury's verdict in favor of the defendant, raising the following issues: (1) that the court erred in refusing to reappoint counsel; (2) that the court erred in failing to bring certain requested witnesses to trial; and (3) that the verdict was not supported by the evidence. We affirm.
 
 ANALYSIS
 I. Appointment of Counsel
 
 7
 The appellant argues that the court erred in not appointing another attorney after his original counsel was allowed to withdraw before trial. It is curious why the court initially granted counsel and then denied the appellant's second motion for appointment of counsel after his original counsel withdrew. The district court did not set forth its reasons for denying appointment of subsequent counsel. Even so, upon independent review and considering the factors in Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir.1981), we hold that the court did not abuse its discretion in failing to appoint subsequent counsel. Even though the appellant may have had a colorable claim, this is not a case involving complex legal issues or difficult facts to assemble. Di Angelo v. Illinois Dept. of Public Aid, 891 F.2d 1260 (7th Cir.1989). Moreover, the record demonstrates that appellant competently represented himself at trial. Id. We find no abuse of discretion.
 
 II. Subpoena of trial witnesses
 
 8
 The plaintiff argues that the court's failure to execute subpoenas against all the witnesses he listed was error. According to the plaintiff this failure denied him testimony which could have changed the outcome of trial. The appellant's claim lacks merit. At the outset, we note that the appellant's brief fails to identify the witnesses the court should have subpoenaed for trial. Additionally, appellant's brief does not divulge what those witnesses would have testified to or how their testimony would have changed the outcome at trial.
 
 
 9
 Based on our review of the record, the marshall was able to serve most of the witnesses on the appellant's list (Trans. Vol I at pp. 6-7). One of the witnesses was not served because the appellant initially supplied the marshall with the wrong address (Trans. Vol I at pp. 6-7). Another witness was not subpoenaed because his location was unknown (Trans. Vol I at p. 4). Additionally, the court brought Gibson to Springfield before the trial to allow him access to the telephone and to interview witnesses for trial in the Marshall's office. This is not a case where the Marshall's office did not cooperate with the appellant in trying to obtain witnesses. Here the appellant called ten witnesses at trial. The court did everything it could to accommodate the appellant, therefore, we find no error.
 
 III. Sufficiency of the Evidence
 
 10
 Appellant argues that the jury verdict is against the weight of the evidence. The appellant bears a heavy burden in this regard. Unity Ventures v. County of Lake, 894 F.2d 250, 256 (7th Cir.1990). Appellate review of a jury verdict is limited to a determination of whether "there is a reasonable basis in the record for the verdict." U.C. Castings Co. v. Knight, 754 F.2d 1363, 1369 (7th Cir.1985). This circuit accords great deference to the jury's verdict in a case. Id. (citing Spesco v. General Elec. Co., 719 F.2d 233 (7th Cir.1983)). As such, an appellate court will not set aside a jury verdict if a reasonable basis for the verdict exists. Id.
 
 
 11
 In this case, a reasonable basis exists in the record for the jury verdict in favor of the defendant. The plaintiff presented ten witnesses regarding the alleged shackling incident. The majority of the testimony regarding the incident came from the defendant and John Britz. Britz was the only witness who testified that McNamara actually placed the shackles on Gibson. In contrast, McNamara testified that while he witnessed other officers placing the shackles on Gibson, he did not personally participate. Additionally, Britz was the only witness that testified that McNamara used force against Gibson. Apparently, the jury chose to believe the defendant. The appellant also challenges the jury's credibility determinations. However, the credibility of witnesses is a determination left solely to the jury. United States v. Beverly, 913 F.2d 337 (7th Cir.1990). Thus, a reasonable basis in the record exists for the jury's verdict. We AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation