948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ivory DAVIS-EL, Plaintiff/Appellant,
v.
Michael O'LEARY, Paul J. Klincar, Tommy L. Wells, Anne R.
Taylor, Rafael Nieves, Ethel S. Gingold, Joseph S. Longo,
Corrine C. Franklin, William A. Redmond, Herbert D. Brown,
Michael Krolikiewica, Jerome L. Springborn, Earl K. Dryden,
Defendants/Appellees.
 No. 90-2860.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.[1]
Decided Nov. 25, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Ivory Davis-El is incarcerated in the Graham Correctional Center in Hillsboro, Illinois. In 1985, he filed a civil rights lawsuit in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 1983 alleging due process, equal protection, and ex post facto violations by the Illinois Prison Review Board. The defendants filed a motion to dismiss, which the district court granted on all but one issue. Subsequently the case was transferred to the Central District of Illinois, where the district court granted defendants' Motion for Summary Judgment on the sole remaining count. Mr. Davis-El appeals from two decisions by the Central District court: (1) the denial of appointed counsel, and (2) the denial of permission to file additional and supplemental complaints. The jurisdiction of this court is properly invoked under 28 U.S.C. § 1291.
 
 I. FACTS
 
 2
 Ivory Davis-El filed his first complaint, pro se, in federal district court in March 1985. Shortly thereafter, Mr. Davis-El filed an amended complaint with the court. Approximately a year later, the district court appointed counsel for Mr. Davis-El. This attorney withdrew from the case almost immediately, and was replaced by another attorney, who remained Mr. Davis-El's counsel for more than two years. During those two years, Mr. Davis-El's lawyer filed motions on his behalf, instituted discovery procedures, and filed a second amended complaint. After the second attorney withdrew from Mr. Davis-El's case, the materials requested through discovery were produced.
 
 
 3
 The produced discovery materials primarily consisted of reports with information about murderers under the custody and supervision of the Illinois correctional system. Specifically, Mr. Davis-El requested reports for murderers who were sentenced to an indeterminate term in the state penitentiary. These reports contained information regarding each murderer's race, date of parole (if applicable), and minimum and maximum years of imprisonment. From this information, Mr. Davis-El sought support for the allegations in his civil rights suit. By the time the reports arrived however, only one issue remained before the court: Was Mr. Davis-El entitled to an injunction against the Illinois Prisoner Review Board, enjoining it from racially discriminating against parole applicants?
 
 
 4
 After receiving the materials, Mr. Davis-El filed a motion requesting appointment of counsel. He asserted that he required assistance of an attorney to request additional discovery, to receive discovery already requested, and to interpret the delivered reports. This motion was denied. Mr. Davis-El then sought to file a "Third Amended and Supplemental Complaint". Oddly enough, Mr. Davis-El's memorandum in support of the motion to file this new complaint stated that his analysis of the information in the discovery reports revealed a new cause of action under which he could recover. There, he performed the same analysis that he alleges in this appeal that he is unable to perform without appointed counsel. Next, Mr. Davis-El requested permission to file a "Second Supplemental Complaint". This request was denied at the same time that the court denied a motion to reconsider denial of the Third Amended and Supplemental Complaint. Defendants moved for summary judgment, which was granted by the district court.
 
 II. ANALYSIS
 
 5
 A. Denial of the motion to appoint counsel.
 
 
 6
 Federal law provides that a court may request an attorney to represent indigent parties. 28 U.S.C. § 1914(d). The right to counsel in civil litigation is not guaranteed. Lewis v. Lane, 816 F.2d 1165, 1168-69 (7th Cir.1987); Wolfolk v. Rivera, 729 F.2d 1114, 1119 (7th Cir.1984). Courts do not appoint counsel in 1983 actions, rather they request members of the bar to assist the litigant. This request does not occur as a matter of course. "[O]nly when the cases are colorable, the facts may be difficult to assemble, and the law is complex" will judges make a request. DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1262 (7th Cir.1989). The district court did appoint counsel for Mr. Davis-El initially, and he continued to be represented by counsel for several years, including the time that discovery was proceeding and the time in which an amended complaint was filed. All that remained in Mr. Davis-El's case was a single issue, the rest having been resolved while he was represented by counsel. The issue was not complex; it could be supported by statistical data. The facts were not difficult to assemble; they were requested during discovery (with the aid of counsel) and were produced. Mr. Davis-El argues that he cannot statistically analyze the information from the reports. However, the inability to completely analyze the information does not necessarily require appointment of counsel. Cf. Wolff v. McDonnell, 418 U.S. 578, 581-82, 94 S.Ct. 2963, 2986 (1974) (referring to an inmates ability to seek help from other, more qualified inmates). Additionally, Mr. Davis-El was able to analyze sufficiently the information to allow him to amend his complaint based upon his findings, and attempt to file the new complaint with the court. Mr. Davis-El has not shown that the district court abused its discretion by refusing to request counsel on his behalf.
 
 
 7
 B. Denial of the motions to file amended and supplemental complaints.
 
 
 8
 A district court has discretion whether to grant a litigant leave to amend a complaint. Leave to amend should be freely given when justice requires. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 329, 333, 91 S.Ct. 795, 802 (1971); Villa v. Chicago, 924 F.2d 629, 632 (7th Cir.1991); Fed.R.Civ.P. 15(a). A denial of leave to file an amended complaint will be disturbed only if the district court abused its discretion. Amendola v. Bayer, 907 F.2d 760, 764 (7th Cir.1990). Mr. Davis-El's "Third Amended and Supplemental Complaint" and "Second Supplemental Complaint" did not actually amend or supplement as stated in Federal Rule of Civil Procedure 15.[2] Rather, Mr. Davis sought to relitigate claims that had been dismissed with prejudice in the Northern District. A magistrate judge discussed with Mr. Davis-El his concern that the claims were duplicative. He gave Mr. Davis-El time in which to file a memorandum in support of the new complaint. However, a memorandum was never filed. The district court concluded that these claims had been previously litigated and dismissed in the Northern District of Illinois. Because the court and the defendants are not required to respond to obviously futile gestures, leave to file the complaint was denied. Perkins v. Silverstein, 939 F.2d 463, 472, (7th Cir.1991). Thus the district court did not abuse its discretion by denying leave to file the amended and supplemental complaints.
 
 
 9
 For the foregoing reasons, the decision of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [2]
 Among the reasons to amend pleadings are to conform to evidence, assert a defense, and change a party. Fed.R.Civ.P. 15(a)-(c). Supplements to pleadings are to incorporate transactions or occurrences or events that happened after the filing of the pleading sought to be supplemented. Fed.R.Civ.P. 15(d)