42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick SMITH, Petitioner-Appellant.
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2396.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.
Decided Dec. 1, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Frederick Smith appeals from the denial of his motion to modify his sentence, filed pursuant to 28 U.S.C. Sec. 2255. In 1990, Smith pled guilty to fraudulent use of credit cards, in violation of 18 U.S.C. Sec. 1029(a)(2). Smith was sentenced to 33 months' imprisonment and a three-year term of supervised release, and ordered to pay $14,019 in restitution.
 
 
 2
 Smith's appointed attorney has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[1] An Anders brief need not be filed in a civil case. Because we are not constitutionally required to appoint counsel in a Sec. 2255 procedure, see 18 U.S.C. Sec. 1006A (appointment is discretionary), there is no due process requirement that appointed counsel in collateral proceedings comply with the procedural requirements of Anders when seeking to withdraw without filing a brief on the merits. Pennsylvania v. Finley, 481 U.S. 551, 554, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987). See also DiAngelo v. Illinois Department of Public Aid, 891 F.2d 1260, 1262 (7th Cir.1989) ("because there is no right to appointed counsel in civil litigation, a lawyer who assists a prisoner in a collateral attack on a conviction need not file an Anders brief in order to avoid the obligation on appeal").
 
 
 3
 Nevertheless, we have carefully reviewed Smith's pro se Sec. 2255 motion. Smith concedes that he never filed a direct appeal from the conviction. A motion seeking relief under Sec. 2255 cannot serve as a substitute for a direct appeal. United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); Qualls v. United States, 774 F.2d 850, 851 (7th Cir.1985). Smith argues that his trial attorney was ineffective in never informing him of the right to appeal. A defendant who claims ineffective assistance of counsel due to his attorney's alleged failure to advise him of his appellate rights is not entitled to relief where the sentencing court has done so. Norris v. Wainwright, 588 F.2d 130, 135 (5th Cir.1979); Walters v. Harris, 460 F.2d 988, 990 (4th Cir.1972). The sentencing court advised Smith of his right to appeal, and therefore Smith has failed to establish cause for his procedural default.
 
 
 4
 For these reasons, we AFFIRM the judgment of the district court and GRANT counsel's motion to withdraw.
 
 
 
 [1]
 We notified Smith of his counsel's motion and his right to respond. Cir.R. 51(a). While Smith asked for an extension of time to respond, and this request was granted, no response has been received by this court