48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Anthony SHERN, Plaintiff-Appellant,
v.
ILLINOIS DEPARTMENT OF CORRECTIONS, Howard A. Peters, and
Diane Jockish, Defendants-Appellees.
 No. 93-2371.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 3, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Anthony Shern, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. Sec. 1983, alleging that defendants, the Illinois Department of Corrections and several of its officials, violated plaintiff's constitutional rights by refusing his application for work release. The district court dismissed the complaint without prejudice for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 2
 We review a motion to dismiss de novo, Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir.1993), assuming the truth of the allegations and making all reasonable inferences in plaintiff's favor. Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992). A claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Allegations made in a pro se complaint shall be read liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 3
 Even accepting plaintiff's factual allegations as true, and reading the pro se allegations liberally, the complaint fails to state a claim. Illinois prison inmates have no liberty or property interest in work release placement. DeTomaso v. McGinnis, 970 F.2d 211, 212-13 (7th Cir.1992) (no property or liberty interest in work release because Illinois regulations do not limit correctional department's discretion in granting work release requests); Joihner v. McEvers, 898 F.2d 569 (7th Cir.1990) (no liberty or property interest in opportunity to be assigned to prison work camp in Illinois). The Illinois statute merely states that the prison system "may allow" an inmate to participate in work release "where such release would assist the individual's rehabilitation and would not cause undue risk to the public." 730 ILCS 5/3-13-2 (1994) [previously Ill.Rev.Stat., ch. 38, para. 1003-13-2]. As we stated in DeTomaso, "[t]his statute gives the director a power and not a duty." 970 F.2d at 212. The Illinois regulations similarly contain nothing limiting prison officials' discretion to choose which inmates will participate in work release. The applicable regulations merely list eligibility requirements. See 20 Ill.Admin.Code. Sec. 455.30.
 
 
 4
 Plaintiff also alleges an equal protection violation, claiming that other inmates with similar criminal histories have been granted work release. Even if inmates with similar criminal histories were being granted work release, plaintiff fails to allege that defendants purposefully or invidiously discriminated against him, rather than having acted in an inconsistent or arbitrary manner. See DeAngelo v. Illinois Department of Public Aid, 891 F.2d 1260, 1263 (7th Cir.1993).
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 On December 9, 1993, we entered an order stating that the appeal would be submitted for decision without the filing of a brief and without oral argument by the appellees. After preliminary examination of plaintiff's brief, the court notified plaintiff on December 23, 1993, that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that plaintiff might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the plaintiff's brief and the record