59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Todd A. D'ANTONI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1454.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.
Decided June 20, 1995.
Rehearing Denied July 17, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 On July 15, 1987, a federal grand jury returned a two-count indictment against Todd D'Antoni. Count One alleged that D'Antoni distributed cocaine to a fourteen-year old female. Count Two alleged that D'Antoni distributed cocaine to a fifteen-year old female, resulting in her death. Both counts charged violations of 21 U.S.C. Secs. 841(a)(1) and 859 (formerly 21 U.S.C. Sec. 845). Count Two included the sentencing enhancement provision contained in 21 U.S.C. Sec. 841(b)(1)(C) for death that results from the use of a controlled substance. D'Antoni pleaded guilty to Count Two of the indictment in exchange for the dismissal of Count One and the sentencing enhancement provision. As a result, Count Two carried a maximum penalty of forty years instead of life in prison.
 
 
 2
 On December 17, 1987, the district court sentenced D'Antoni to thirty-five years in prison, followed by six years of supervised release. D'Antoni appealed his conviction but did not challenge the constitutionality of his guilty plea. We affirmed on direct appeal. United States v. D'Antoni, 856 F.2d 975 (7th Cir. 1988). D'Antoni thereafter moved to set aside his sentence pursuant to 28 U.S.C. Sec. 2255. The district court denied the motion, and this appeal followed.
 
 
 3
 D'Antoni's appointed counsel now seeks to withdraw from this appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[1] An Anders brief need not be filed in a civil case. Because we are not constitutionally required to appoint counsel in a section 2255 proceeding, post-conviction counsel has no due process obligation to follow the procedures of Anders when attempting to withdraw from an appeal without filing a brief on the merits. See 18 U.S.C. Sec. 3006A; Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987); DiAngelo v. Illinois Dep't of Public Aid, 891 F.2d 1260, 1262 (7th Cir. 1989). Nevertheless, we have conducted an independent review of the entire record, Penson v. Ohio, 488 U.S. 75, 83 (1988), and are satisfied that collateral relief in this case is unwarranted.
 
 
 4
 D'Antoni first contends that the district court did not have jurisdiction to sentence him because the conduct to which he pleaded guilty was dispensing cocaine rather than distributing it. By pleading guilty, D'Antoni has waived this contention unless it may be called "jurisdictional." United States v. Nash, 29 F.3d 1195, 1201 (17th Cir. 1994). We do not see how the contention can be labeled as such when the jurisdiction of the district court was secure pursuant to 18 U.S.C. Sec. 3231. Arguments challenging the validity of a guilty plea generally must be presented on direct appeal. See, e.g., Daniels v. United States, No. 94-1739, slip op. at 3 (7th Cir. Apr. 18, 1995); Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991). D'Antoni did not raise this claim on direct appeal, and made no attempt to demonstrate good cause for his failure to present it earlier. Thus, the claim was forfeited. Daniels, No. 94-1739, slip op. at 3. In all events, at the plea-taking hearing D'Antoni admitted to once distributing cocaine to the fifteen-year old victim, and the evidence proffered by the government established distribution. (Tr. 20-21).
 
 
 5
 D'Antoni's second contention, that his plea was involuntary because the district court failed to inform him of the nature of the charge against him, is similarly unavailing. The claim was never raised on direct appeal, so it was forfeited, and cause for the procedural default was not established. Daniels, No. 94-1739, slip op. at 3. Even if D'Antoni were able to show cause, he did not suffer any prejudice. United States v. Frady, 456 U.S. 152, 166 (1982). The transcript of the plea-taking hearing shows that the district court carefully explained to D'Antoni the charges against him and the rights he would give up by pleading guilty. (Tr. 4-9, 12-14). D'Antoni stated to the court that he was "fully satisfied" with his counsel (Tr. 5), that he had not been forced to plead guilty (Tr. 11), and that he understood the maximum penalties he was facing and the inapplicability of the sentencing enhancement provision (Tr. 5-7, 12). We find nothing in the record to indicate that D'Antoni's plea was other than a knowing and voluntary waiver of his rights.
 
 
 6
 D'Antoni also contends that trial counsel rendered ineffective assistance by advising him to plead guilty without obtaining the computer program tapes that the government was ordered to produce. The tapes related to the method used by a crime lab to analyze the blood of the fifteen-year old victim. D'Antoni maintains that the tapes may have contained exculpatory evidence which would have established that the victim died from something other than the cocaine given to her by D'Antoni.
 
 
 7
 To succeed on his ineffective assistance of counsel claim, D'Antoni must demonstrate that the advice on which his plea of guilty was predicated not only "was not 'within the range of competence demanded of attorneys in criminal cases,"' United States v. Alvarez-Quiroga, 901 F.2d 1433, 1437 (7th Cir.) (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)), cert. denied, 498 U.S. 875 (1990), but also that there was a "reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). "In examining a lawyer's performance, we 'indulge a strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance."' United States v. Trussel, 961 F.2d 685, 690 (7th Cir. 1992) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)).
 
 
 8
 Counsel's performance was reasonable under the circumstances. The sentencing enhancement provision for death resulting from the use of a controlled substance was not an element of the cocaine distribution offense to which D'Antoni pleaded guilty. Rather, it was a penalty that the government agreed not to seek as part of the plea agreement with D'Antoni. Production of the computer program thus became irrelevant once the sentencing enhancement provision was dropped from Count Two. Even if D'Antoni had proceeded to trial and been found guilty of distributing cocaine to the fifteen-year old victim but not of causing her death, he still would have faced the same maximum penalty of forty years pursuant to 21 U.S.C. Secs. 841(b) and 859. Accordingly, counsel's advice that D'Antoni plead guilty to one count of distribution in exchange for the dismissal of the second count and the enhanced penalty provision was well within the range of competent professional assistance.
 
 
 9
 Finally, counsel submits that the district court deprived D'Antoni of his right to due process during sentencing when it noted that "[D'Antoni's] conduct played a significant role in the death of another person." (Tr. 40). The due process argument was forfeited for not having been raised on direct appeal. Apart from forfeiture, the district court was entitled to consider the fact that the fifteen-year old girl had died and to weigh it, along with other relevant facts, such as his failure to assist the girl when he realized the gravity of her condition and his attempt to escape prosecution, in determining D'Antoni's sentence. United States v. Tucker, 404 U.S. 443, 446-47 (1972). We see no error in this determination.
 
 
 10
 For the foregoing reasons, the motion to withdraw is GRANTED, and the judgment of the district court is AFFIRMED. D'Antoni's "Motion to Withdraw 'Anders Brief' and Stay Proceedings" and "Motion to Compel Court to Rule on Pending Motion" are DENIED as moot.
 
 
 
 [1]
 We notified D'Antoni of counsel's motion and his right to respond. Cir. Rule 51(a). D'Antoni filed a response in which he sought appointment of new counsel on account of his ignorance of the law. He did not address the reasons underlying the district court's denial of collateral relief