# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 06-2259

CURTIS JOHNSON,

*Petitioner-Appellant*,

*v.*

NEDRA CHANDLER,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 3432—**William J. Hibbler**, *Judge.*

ARGUED JANUARY 24, 2007—DECIDED MARCH 20, 2007
PUBLISHED MAY 24, 2007

Before RIPPLE, ROVNER and WILLIAMS, *Circuit Judges*.

PER CURIAM. We decided this section 2254 habeas corpus appeal on March 20, 2007, affirming the district court's denial of Curtis Johnson's habeas corpus petition. Attorney Scott Frankel represented Mr. Johnson throughout the proceedings in the district court by appointment under the Criminal Justice Act, and he continued his representation of Mr. Johnson in this court. After we issued our decision, Attorney Frankel sought payment for his services on appeal. The court did not process the request for payment because the court had not appointed Attorney Frankel to handle Mr. Johnson's appeal. Attorney Frankel

now seeks appointment *nunc pro tunc* so that he can be compensated for his work on appeal.

It is not uncommon for attorneys who are appointed in the district court to represent prisoners in habeas corpus cases, as Attorney Frankel was, to forget to seek reappointment in this court. Circuit Rule 51(a) provides that trial lawyers in criminal cases must continue as counsel on direct appeal, unless relieved by this court. The rule informs trial counsel in criminal cases that district court appointments carry over from that court to the court of appeals, and this court routinely appoints trial counsel to handle the criminal appeal. It is not necessary for trial counsel to file a motion. Unlike the district court's appointment of counsel in criminal cases, the appointment of counsel in habeas corpus cases does not carry over to an appeal.

A petition for habeas corpus relief is not a part of the criminal proceeding, and it is generally considered to be a civil case. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). Nothing in Circuit Rule 51(a) requires counsel recruited in a habeas corpus case by a district judge to continue as counsel in this court. The appointment stops at the door of the district court. *See DiAngelo v. Illinois Dep't of Pub. Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989) (appointments in civil cases do not carry over to this court).

Lawyers representing prisoners in post-conviction matters by appointment in the district court are reminded to seek reappointment in this court at the time an appeal is filed if they continue their representation on appeal and intend to seek compensation under the Criminal Justice Act. While the court is not required to appoint counsel in a habeas corpus appeal, representation may be provided for any financially eligible person if the interests of

justice so require. 18 U.S.C. § 3006A(a)(2)(B) (appointment is discretionary); *see also Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (per curiam) (habeas petitioner not entitled to appointment of counsel on his appeal from denial of writ of habeas corpus). In the present case, the court benefitted from Attorney Frankel's representation, and we therefore grant his motion for appointment retroactive to the date Attorney Frankel began his work on Mr. Johnson's appeal.

IT IS SO ORDERED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*