**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 22, 2009*
Decided September 29, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| **No**. 09-1391 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | |
| **v.** | No. 2:97-CR-18<br>Rudy Lozano, *Judge*. |
| DONTE T. ROBERTS,<br>*Defendant-Appellant*. | |

**Order**

After the Sentencing Commission lowered the guideline ranges for crack cocaine, Donte Roberts filed a motion under 18 U.S.C. §3582(c), asking the judge to reduce his sentence. The judge found Roberts eligible but declined to reduce the sentence. The judge observed that Roberts has been formally disciplined more than 20 times for violations of prison rules, that some of his prison misconduct is serious, and that the frequency of violations has not decreased with time. The judge deemed Roberts a poor candidate for accelerated release.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Roberts filed a notice of appeal. His lawyer has submitted an *Anders* brief explaining why the appeal is frivolous. Roberts was invited to respond, see Circuit Rule 51, and has not done so. There are only three potential appellate arguments: that reduction is mandatory; that the judge misunderstood Roberts's intra-prison record; or that failure to reduce the sentence was an abuse of discretion. The statute shows that the district judge is not required to reduce a sentence just because the range has gone down, so the first argument would be frivolous. Roberts has never argued that the judge misunderstood the number or gravity of his intra-prison transgressions, ruling out the second line of argument. And given his extensive intra-prison record, it would be impossible to say that refusing to expedite his release from prison is an abuse of discretion.

Roberts argued in the district court that the judge could use §3582(c) to apply *United States v. Booker*, 543 U.S. 220 (2005), or *Kimbrough v. United States*, 552 U.S. 85 (2007), retroactively. The judge properly rejected that contention. See *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009).

We agree with counsel's assessment that the appeal is frivolous. Counsel's motion to withdraw is granted, and the appeal is dismissed.