NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013
Decided January 23, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1717

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:97-CR-18 |
| DONTE T. ROBERTS, *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

**O R D E R**

Donte Roberts was sentenced in 1998 to a total of 360 months' imprisonment on his convictions for trafficking crack cocaine. The district court granted Roberts' motion under 18 U.S.C. § 3582(c)(2) and reduced that term to 294 months, though his appointed lawyer had argued for 236 months. Roberts has filed a notice of appeal, but counsel asserts that the appeal is frivolous and seeks to withdraw on the basis of *Anders v. California*, 386 U.S. 738 (1967). The right to appointed counsel does not extend to proceedings under § 3582(c)(2), *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), and thus counsel need not have complied with the *Anders* safeguards before moving to withdraw, *see Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *DiAngelo v. Ill. Dep't of Pub. Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). Nevertheless, we invited Roberts to respond to his attorney's motion, and he has done so. *See* CIR. R. 51(b).

Roberts operated crack houses in Gary, Indiana, during 1996 and early 1997. A jury

found him guilty of conspiracy and possession with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 846. At sentencing two of his suppliers testified for the government; one said he delivered 4.5 ounces of crack to Roberts on 11 occasions (totaling 1.4 kilograms), and the other reported delivering 18 ounces (about .5 kilogram) each week during the summer and fall of 1996. At that time 1.5 kilograms was the threshold for the highest tier in the drug-quantity table, U.S.S.G. § 2D1.1(c)(1) (1997), so rather than decide the precise amount, the district court simply found Roberts responsible for at least 1.5 kilograms. The court calculated an imprisonment range of 324 to 405 months based on a total offense level of 40 and a criminal history category of II, and then sentenced him to concurrent terms of 360 months. Roberts sought a reduced sentence after the Sentencing Commission in 2008 retroactively lowered the base offense level for his crack offenses, *see* U.S.S.G. App. C, amends. 706, 713, but that motion was denied because of his extensive misconduct in prison after sentencing, *see United States v. Roberts*, 344 F. App'x 287, 288–89 (7th Cir. 2009). Roberts tried again after the Commission made retroactive another favorable amendment in 2011, *see* U.S.S.G. App. C, amends. 748, 750, 759, and this time the district court granted his motion. The court revisited its drug-quantity assessment made at Roberts' sentencing in 1998, concluded that he was responsible for at least 2.8 kilograms of crack—the threshold for the second-highest tier in the revised drug-quantity table, U.S.S.G. § 2D1.1(c)(2) (2011)—and calculated a new imprisonment range of 262 to 327 months. The court decided that Roberts now deserved a reduction because his misconduct in prison had abated after the first § 3582(c)(2) motion was denied, but the court was unwilling to overlook that misconduct entirely and thus chose a term of 294 months, the middle of the revised range.

Counsel first considers whether Roberts could argue that the district court erred by reevaluating the drug quantity. A district court may revise its earlier factual findings when ruling on a § 3582(c)(2) motion, provided that the new findings are supported by the record and consistent with the determination made at sentencing. *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012); *United States v. Duncan*, 639 F.3d 764, 767–68 (7th Cir. 2011). Here the judge added the total from one supplier (1.4 kilograms) to the sum of just three deliveries from the other supplier (1.5 kilograms) in concluding that Roberts was responsible for a crack amount satisfying the threshold of 2.8 kilograms. This determination is supported by the record and is consistent with the court's earlier finding that Roberts was responsible for at least 1.5 kilograms of crack. *See Davis*, 682 F.3d at 619; *United States v. Woods*, 581 F.3d 531, 539 (7th Cir. 2009). As counsel recognizes, a contrary argument would be frivolous.

Counsel next analyzes whether Roberts could argue that the district court abused its discretion by again considering his multiple prison infractions in deciding the suitable degree of reduction. As counsel correctly concludes, this contention would be frivolous. Roberts had been sanctioned for over 20 infractions, *see Roberts*, 344 F. App'x at 288–89, and the judge was free to consider this conduct while determining the appropriate extent of reduction, *see* U.S.S.G.

§ 1B1.10, cmt. n.1(B)(iii); *United States v. Young*, 555 F.3d 611, 613 (7th Cir. 2009); *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009).

In his Rule 51(b) response, Roberts proposes to argue on appeal that the district court impermissibly conducted a full resentencing and also erroneously deprived him of the opportunity to describe his rehabilitation in prison to outweigh his extensive disciplinary record. The first contention is incorrect—the district judge followed § 1B1.10 and its commentary—and therefore frivolous. The second contention is frivolous because it misconstrues our decision in *United States v. Neal*, 611 F.3d 399 (7th Cir. 2010). In that case we remanded the denial of a motion under § 3582(c)(2) because the district court had based its decision on allegations of prison misconduct without giving the defendant an opportunity to challenge the accuracy of those allegations. *See id.* at 402. Here, in contrast, Roberts' past misconduct was uncontested, and the parties also agreed that he had not incurred any additional prison infractions after July 2008 (when his first § 3582(c)(2) motion was denied). The judge cited this *improved* prison behavior as a reason to grant Roberts an earlier release. Roberts does not dispute that his behavior has improved, but rather suggests that he would have asked for a larger reduction had he known the judge's rationale in advance. As we explained in *Neal*, however, judges do not need to foreshadow their reasoning. 611 F.3d at 401. It is now apparent, moreover, that Roberts should not have received any reduction on his second motion: Although the base offense level for 1.5 kilograms of crack further decreased between his first and second motions, the base offense level for 2.8 kilograms did not, meaning that Roberts was ineligible for relief under the second retroactive amendment. *See United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011); *United States v. Taylor*, 627 F.3d 674, 675 (7th Cir. 2010). Nevertheless, the government did not take the position that Roberts was ineligible for a reduction and did not file a cross-appeal. *See United States v. Lawrence*, 535 F.3d 631, 638 (7th Cir. 2008).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.