In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3611

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

TYREE NEAL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-40101-06-GPM—**G. Patrick Murphy**, *Judge.*

ARGUED SEPTEMBER 25, 2009—DECIDED JULY 6, 2010

Before EASTERBROOK, *Chief Judge*, and KANNE and
SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Tyree Neal pleaded guilty
to crack-cocaine offenses and was sentenced to
137 months' imprisonment. After the Sentencing
Commission reduced the Guideline ranges for crack, and
made those changes retroactive (see Amendment 706,
made retroactive as of March 3, 2008, by Amendment 713),
Neal asked the district court to reduce his sentence, as

18 U.S.C. §3582(c)(2) permits. The sentencing judge denied the motion, with this explanation:

> The Court declines to exercise its discretion to reduce Defendant's sentence. A sentence of 137 months is necessary to promote this defendant's respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. Had the guideline amendment been in effect when the original sentence was imposed, the Court would have imposed a sentence of at least 137 months.

Two weeks later the judge amended his explanation, elaborating slightly:

> The Court declines to reduce the previous term of imprisonment. If the guideline amendment had been in effect when the original sentence was imposed, the Court would have imposed a sentence of at least 137 months under an advisory guideline system. The Court finds that a sentence reduction is not warranted. A sentence of 137 months is necessary to promote this defendant's respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

No real difference so far. Then the judge added this:

> Moreover, Defendant's post-sentencing conduct does not warrant a reduction. Specifically, prison officials informed the Court that in August 2008, Defendant was found guilty in an administrative

> hearing for the second time of masturbating in the presence of a female corrections officer. This shows disrespect for the law in general and poor impulse control in particular. He continues to be insubordinate and disrespectful toward prison officials and, as things stand now, it appears that he has almost no chance of a successful period of supervised release. The additional incarceration is needed to give him time to accept and adjust to the norms of society and authority.

Neal wanted to contest these new propositions but, because the court's order was unchanged, and the revised explanation did not result from a motion for reconsideration, the statement did not extend the time for appellate review. Cf. *United States v. Rollins*, No. 09-2293 (7th Cir. June 9, 2010). This made an immediate appeal essential, and one was filed.

If the district court's first explanation were the complete one, the outcome would be straightforward. A judge is entitled to take as given the Guideline calculation made at sentencing, adjusting that calculation only for the retroactive changes. U.S.S.G. §1B1.10(b)(1). Reliance on the prior resolution of factual disputes means that the court usually need not hold evidentiary hearings before acting on motions under §3582(c)(2). See *United States v. Young*, 555 F.3d 611 (7th Cir. 2009). Section 3582(c)(2) gives the judge discretion; it does not compel the judge to exercise that discretion favorably to any particular defendant. And neither the statute nor the Constitution requires the judge to conduct a full

resentencing in response to a motion. *Dillon v. United States*, No. 09-6338 (U.S. June 17, 2010).

Neal's argument that the judge must notify a defendant of the proposed action and its rationale before announcing it, so that counsel can address the judge's anticipated line of reasoning, is impossible to square with *Irizarry v. United States*, 553 U.S. 708 (2008), which held that there is no such requirement even when the judge surprises everyone by giving a sentence higher than the Guidelines recommend. If there is no need to notify the litigants before varying from the Guidelines, there is no need to notify them before sticking with a sentence already announced. Judges need not release what amount to preliminary opinions or send up trial balloons.

Although a judge need not foreshadow his thinking, what this judge said afterward requires separate analysis. That a judge may consider a person's behavior in prison no one doubts. See U.S.S.G. §1B1.10 Application Note 1(B)(iii). Neal contends that he was entitled to advance notice of the fact that the judge planned to rely on this information. His brief says that his disciplinary history had not previously been "disclosed." Yet it was *his* history; who knew it better? The principle of *Brady v. Maryland*, 373 U.S. 83 (1963), requires the disclosure of exculpatory evidence, not inculpatory evidence, *United States v. Bagley*, 473 U.S. 667, 674–75 (1985), and even then only evidence *unknown to the defense*. *United States v. Lee*, 399 F.3d 864, 865 (7th Cir. 2005). Discovery in criminal prosecutions is limited, see

Fed. R. Crim. P. 16(a), and discovery in criminal sentencing more limited still. *Wade v. United States*, 504 U.S. 181, 186 (1992). Rule 16 does not authorize a new round of discovery before sentencing, and certainly not before a judge rules on a motion to reduce the sentence. And the prosecutor's obligations depend on the defendant's request. Neal did not request any particulars about his prison disciplinary record, which he knew already.

Thus the problem is not lack of notice or the fact that the prosecutor did not make a spontaneous disclosure. The problem is that the judge may not have his facts straight. Neal contends that the judge is mistaken. And a defendant is entitled to an opportunity to dispute contestable factual propositions that affect the sentence. See U.S.S.G. §6A1.3. The record does not contain a certified (or any other) copy of Neal's prison disciplinary record. This subject is outside the scope of the presentence report, which was prepared in 2001. If the district judge had referred to the disciplinary record when denying the motion, then Neal would have had time to seek reconsideration and request a hearing under §6A1.3. By withholding the information until the day on which the time for appeal expired, the district court disabled Neal from requesting a hearing or presenting any evidence of his own that would call into question the judge's understanding of his record or cast his intraprison conduct in a better light.

If the judge is mistaken about Neal's conduct in prison, reconsideration is in order. (The prosecutor con-

tends that the prison record is irrelevant, because the judge did not mention it the first time; but if it did not matter, why the amended statement of reasons?) How did the judge know, or think he knew, about Neal's prison disciplinary history? It is not in the record of these proceedings. The judge stated that "prison officials informed the Court" about the discipline and Neal's (supposed) bad attitude. Informed the court how, exactly? This is not a subject on which a judge may take judicial notice. The facts are adjudicatory, not legislative, and don't appear to be general public knowledge. They are not posted on the Bureau of Prisons' web site, and the Bureau's understanding of a given inmate's infractions and attitude would be contestable even so.

At oral argument the prosecutor denied providing this information to the district court. Have *ex parte* contacts occurred? Did the judge or his staff ask the Bureau of Prisons, bypassing the prosecutor and the ordinary process of acquiring and considering evidence? Did someone at the Bureau speak with or write to the judge? Sometimes courts receive letters with information bearing on the appropriate sentence, but these must be placed in the record, so that the litigants may re-spond—and no letter of this kind is in this record. Per-haps the Probation Office secured the information from the Bureau, but if so its report should have been shared with Neal and placed in the record.

We do not know whether anything untoward has occurred. But we also do not know where the judge's information came from or whether it is correct. Neal is

entitled to an opportunity to contest propositions that affect how long he must spend in prison. He says that the due process clause entitles him to a hearing, but courts do not start with the Constitution. See, e.g., *New York Transit Authority v. Beazer*, 440 U.S. 568, 582–83 (1979); *Rehman v. Gonzales*, 441 F.3d 506, 508–09 (7th Cir. 2006). Unless the procedures established by statutes, rules, and the common law are challenged as insufficient, there is neither need nor justification for constitutional decisionmaking. Certainly there's no need for it here. The entitlement to a hearing to resolve material disputes of fact comes from §6A1.3 and ordinary procedural norms. Section 3582(c)(2) itself refers the court to "applicable policy statements issued by the Sentencing Commission", and §6A1.3 fits that bill, because it applies to any "sentencing determination".

The order is vacated, and the case is remanded for a new decision on the motion under §3582(c)(2).