UNITED STATES of America, Plaintiff–Appellee,

v.

Eston THOMAS, Defendant–Appellant.

No. 10–1441.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 17, 2010.*

Decided Nov. 18, 2010.

James M. Cutchin, Office of the United States Attorney, Benton, IL, for Plaintiff–Appellee.

Eston Thomas, Greenville, IL, pro se.

Before JOHN L. COFFEY, Circuit Judge, JOEL M. FLAUM, Circuit Judge and KENNETH F. RIPPLE, Circuit Judge.

**ORDER**

A jury found Eston Thomas guilty of distributing and conspiring to distribute crack cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and we upheld his sentence of 360 months' imprisonment, the bottom of the then-applicable guidelines range. *United States v. Lewis,* 117 F.3d 980 (7th Cir.1997). In 2008 Thomas moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), invoking Amendments 706 and 713 of the sentencing guidelines, which retroactively reduced the base offense level for most crack offenses, *see* U.S.S.G. supp. to app. C, 221–26, 253 (2008) (Amendments 706 and 713). The district court concluded that Thomas was entitled to a 2–level reduction to his base offense level because he had originally been convicted of distributing more than 1.5 but less than 4.5 kilograms of crack, and Amendment 706 changed U.S.S.G. § 2D1.1 to reduce the base offense level for this quantity from 38 to 36. The court im-

posed a reduced sentence of 324 months' imprisonment, the bottom of the revised guidelines range.

On appeal Thomas argues, as he did in the district court, that he is entitled to a further reduction because, as he sees it, (1) he was responsible for distributing less than 1.5 kilograms of crack, and (2) the district court erroneously increased his offense level by four under U.S.S.G. § 3B1.1(a) for his leadership in the conspiracy. Thomas's arguments challenge the district court's original sentencing decision, and § 3582(c) does not authorize a "plenary resentencing proceeding," *Dillon v. United States,* —— U.S. ——, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010); *see United States v. Neal,* 611 F.3d 399, 401 (7th Cir.2010). Instead, the district court must determine what the defendant's guideline range would have been with the amendment and leave other sentencing factors unchanged. *See* U.S.S.G. § 1B1.10(b)(1); *Dillon,* 130 S.Ct. at 2694. Thomas's challenge to the increase under § 3B1.1(a) fails because Amendment 706 does not affect the applicability of that guideline to Thomas's total offense level. *See United States v. James,* 548 F.3d 983, 985 (11th Cir.2008). To accept Thomas's contention that he was responsible for distributing less than 1.5 kilograms of crack, the district court would have had to contradict the original determination that he was responsible for more than 2 kilograms, *Lewis,* 117 F.3d at 986. Because § 3582(c) prohibits district courts from making "findings inconsistent with that of the original sentencing court," *United States v. Woods,* 581 F.3d 531, 538 (7th Cir.2009), the district court here properly concluded

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2)(C).

that Thomas was not entitled to more than a two-level reduction to his offense level.

AFFIRMED.