**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2010[*]
Decided November 18, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

| | |
|---|---|
| No. 10-1441 | |
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 95-cr-40003-JPG |
| ESTON THOMAS,<br>    *Defendant-Appellant*. | J. Phil Gilbert,<br>*Judge*. |

**O R D E R**

A jury found Eston Thomas guilty of distributing and conspiring to distribute crack cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and we upheld his sentence of 360 months' imprisonment, the bottom of the then-applicable guidelines range. *United States v. Lewis*, 117 F.3d 980 (7th Cir. 1997). In 2008 Thomas moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), invoking Amendments 706 and 713 of the sentencing guidelines, which

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

retroactively reduced the base offense level for most crack offenses, *see* U.S.S.G. supp. to app. C, 221-26, 253 (2008) (Amendments 706 and 713).  The district court concluded that Thomas was entitled to a 2-level reduction to his base offense level because he had originally been convicted of distributing more than 1.5 but less than 4.5 kilograms of crack, and Amendment 706 changed U.S.S.G. § 2D1.1 to reduce the base offense level for this quantity from 38 to 36.  The court imposed a reduced sentence of 324 months' imprisonment, the bottom of the revised guidelines range.

On appeal Thomas argues, as he did in the district court, that he is entitled to a further reduction because, as he sees it, (1) he was responsible for distributing less than 1.5 kilograms of crack, and (2) the district court erroneously increased his offense level by four under U.S.S.G. § 3B1.1(a) for his leadership in the conspiracy.  Thomas's arguments challenge the district court's original sentencing decision, and § 3582(c) does not authorize a "plenary resentencing proceeding," *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010); *see United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010).  Instead, the district court must determine what the defendant's guideline range would have been with the amendment and leave other sentencing factors unchanged.  *See* U.S.S.G. § 1B1.10(b)(1); *Dillon*, 130 S. Ct. at 2694.  Thomas's challenge to the increase under § 3B1.1(a) fails because Amendment 706 does not affect the applicability of that guideline to Thomas's total offense level.  *See United States v. James*, 548 F.3d 983, 985 (11th Cir. 2008).  To accept Thomas's contention that he was responsible for distributing less than 1.5 kilograms of crack, the district court would have had to contradict the original determination that he was responsible for more than 2 kilograms, *Lewis*, 117 F.3d at 986.  Because § 3582(c) prohibits district courts from making "findings inconsistent with that of the original sentencing court," *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009), the district court here properly concluded that Thomas was not entitled to more than a two-level reduction to his offense level.

AFFIRMED.