NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011
Decided May 5, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 10-3095 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellee*, | Eastern Division. |
| | |
| *v.* | No. 08 CR 774-7 |
| | |
| SALVADOR VALENCIA, | Matthew F. Kennelly |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Salvador Valencia was charged with distributing more than 500 grams of cocaine, 18 U.S.C. § 841(a)(1), after Drug Enforcement agents arrested him for brokering the sale of one kilogram of cocaine on behalf of a large-scale drug ring in Chicago. He pleaded not guilty and went to trial, at which he presented no evidence or testimony in his defense. A jury convicted him, and the district court sentenced him to 63 months' imprisonment, the bottom of his guidelines range and three months above the minimum penalty required by the statute. *See* 21 U.S.C. § 841(b)(1)(B)(ii)(II). Valencia filed a notice of appeal, but his appointed lawyer moves to withdraw because he cannot identify a nonfrivolous argument to pursue. *See Anders v. California,* 386 U.S. 738 (1967). Valencia has not responded to counsel's

submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. S*ee United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers whether Valencia might raise a challenge in connection with the sole pretrial issue preserved for appeal – namely, the government's submission of *ex parte* materials to the district court. These materials consisted of evidence suggesting that Valencia conducted other illegal drug transactions while he was free on bond. The government asked the court to verify that it had no duty to disclose the evidence to the defense under *Brady v. Maryland*, 373 U.S. 83 (1963). Valencia's trial counsel claimed that he was instructed by the district court not to discuss the substance of a minute order regarding these materials (made public due to clerical error) with Valencia or anybody else. Counsel now asks whether Valencia could argue that the district court's silencing instruction violated his Sixth Amendment right to counsel or, alternatively, that his attorney provided ineffective assistance by failing to object to the court's instruction. Counsel concludes that either argument would be frivolous, and we agree. To prevail on either claim, Valencia would have to introduce substantial evidence that is not in the appellate record (e.g., facts about his attorney's strategy) in order to prove that the error was prejudicial; such claims are more appropriately raised in a *habeas corpus* petition, rather than on direct appeal. *See Massaro v. United States*, 538 U.S. 498, 504-6 (2003); *United States v. Harris*, 394 F.3d 543, 558 (7th Cir. 2005).

In general terms, counsel also considers arguing that the *ex parte* submission violated Valencia's due process rights, but he correctly concludes that any such argument would be frivolous. *Ex parte* presentation of evidence is disfavored because it typically denies due process. *See Sonnleitner v. York,* 304 F.3d 704, 715 (7th Cir. 2002). But here the *ex parte* materials were recordings and statements from confidential informants that linked Valencia to unrelated drug transactions. The district court rightly decided that the sensitive nature of these materials justified *ex parte* submission – disclosure through normal means could have threatened the safety of the informants by exposing their identities or jeopardized the government's investigation of the other players involved in Valencia's deals. *See United States v. Nava-Salazar,* 30 F.3d 788, 800-01 (7th Cir. 1994).

Relatedly, counsel considers whether Valencia could argue that the government was required to disclose the *ex parte* materials under *Brady*, 373 U.S. at 86. But the district court screened the materials and determined that they were not exculpatory; the evidence was actually *inculpatory* for several unrelated drug crimes. Counsel rightly concludes that alleging a *Brady* violation based on the *ex parte* materials would thus be frivolous. *See United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010).

Counsel also considers arguing that the jury convicted Valencia based on insufficient evidence, but this argument would be frivolous because there was ample evidence to support a conviction. The government introduced recorded phone conversations, telephone records, eyewitness testimony, and testimony from a cooperating co-defendant, all corroborating that Valencia brokered a deal for a kilogram of cocaine that was exchanged at Valencia's house. An appeal challenging a jury conviction for lack of sufficient evidence normally faces a "nearly insurmountable hurdle" to succeed – we will affirm unless no reasonable jury could have convicted the defendant based on the evidence as viewed in the light most favorable to the government. S*ee United States v. Spagnola*, 632 F.3d 981, 986 (7th Cir. 2011). It would be frivolous to argue that the government's case against Valencia did not meet that standard.

Counsel finally considers generally whether Valencia could challenge his sentence, but properly concludes that any such challenge would be frivolous. The court correctly calculated Valencia's guidelines range (63 to 78 months). Valencia's sentence of 63 months is presumptively reasonable because it is within the guidelines range, *see Rita v. United States*, 551 U.S. 338 (2007); *United States v. Portman*, 599 F.3d 633, 636 (7th Cir. 2010), and counsel is unable to articulate any basis to upset that presumption. The court adequately justified choosing a bottom-of-the-range sentence: although a long sentence may have seemed excessive given Valencia's advancing age (58), the court decided that he deserved more than the 5-year statutory minimum because he committed other drug crimes when he was out on bond. The court directly tied its reasoning to §3553(a) factors (e.g., defendant's characteristics, promoting respect for the law); the court was required to do no more. *See United States v. Coopman*, 602 F.3d 814, 819 (7th Cir. 2010).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.