NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 11, 2012
Decided July, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1258

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:06 CR 88 |
| JOENATHAN KING, *Defendant-Appellant*. | James T. Moody, *Judge.* |

**O R D E R**

Joenathan King appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence (based on retroactive amendments to the sentencing guidelines for crack cocaine offenses) and his motion to reconsider on the ground that the district court did not conduct a necessary evidentiary hearing. We affirm.

In 2006 the police searched King's home and car in Gary, Indiana after he twice sold crack cocaine—9 grams total—to a confidential informant who was working with local authorities. The police found a handgun, approximately 53 grams of crack, and several other illegal drugs. King was arrested and later agreed to cooperate with the government and plead guilty to one count of distributing five or more grams of crack cocaine, 21 U.S.C. § 841(a)(1). The district court sentenced him to 121 months' imprisonment, 14 months below the bottom of his guidelines range, based on the government's motion to reduce his sentence for substantial assistance, U.S.S.G. § 5K1.1. The court calculated King's range as 135 to 168 months based on a total offense level of 31 (base level of 32, plus 2 levels for possessing a handgun during the offense, minus 3 levels for acceptance of responsibility) and a criminal history category of III.

In 2008, King moved under § 3582(c)(2) to reduce his sentence based on Amendments 706 and 713, which lowered from 32 to 30 the base offense level under the guidelines for crimes involving between 50 and 150 grams of crack, U.S.S.G. Supp. to App. C, Vol. III 226-31, 255-58 (2011). The district court granted the motion and recalculated King's amended guidelines range at 108 to 135 months. Based on this new range, the court resentenced King to 97 months, maintaining a reduction under § 5K1.1 to approximately ten percent below the bottom of the guidelines range.

In 2011, King wrote letters to the district court saying that he was eligible for a sentence reduction based on Amendments 748 and 750, which increased the quantities of crack tied to higher base offense levels, U.S.S.G. Supp. to App. C, Vol. III 374-84, 391-98 (2011), and requesting that the court appoint counsel to help him pursue a second motion under § 3582(c)(2). The court ordered the probation office to prepare a supplemental sentencing report to help it assess King's eligibility for a reduced sentence under the amendments. The probation office filed a sentencing addendum that computed King's amended guidelines range at 70 to 87 months based on a new total offense level of 25. The addendum also listed sanctions that King had received while incarcerated—two citations for fighting, two for possessing intoxicants, two for possessing an unauthorized item, one for engaging in sexual acts, and one for phone abuse.

In early 2012, King, now represented by appointed counsel as he requested, formally filed another § 3582(c)(2) motion asking that his sentence be reduced to 63 months, ten percent below the bottom of the amended guideline range. The government did not oppose King's motion, and agreed to a 63-month sentence.

The district court, however, denied King's motion. The court expressed concern that King's multiple sanctions for fighting and possessing intoxicants—most of which occurred

after his sentence was reduced in 2008—"raise[d] serious doubts about [his] rehabilitation and indicate[d] that he [was] likely to be a danger to his community if released." The court "question[ed] [King's] ability to abide by society's rules outside of prison given his apparent inability to do so in the structured environment inside," and consequently found that King's 97-month sentence remained appropriate under the amended guidelines.

Five days later King sought reconsideration based on certain disputes over his prison citations, and requested an evidentiary hearing. He argued that he should not have been penalized for his two prison fights because, he said, he was not the aggressor and acted in self-defense. King downplayed the seriousness of the other violations by explaining that the unauthorized items he possessed were merely stamps and some of his own hair that he had cut off; the sexual acts he committed were during a brief, clothed encounter with his visiting girlfriend; the only intoxicant he possessed was fermented orange juice; and his phone-abuse violation stemmed from a single instance of placing a 3-way phone call. The district court summarily denied the motion to reconsider.

On appeal King argues only that the district court abused its discretion when it did not hold an evidentiary hearing about his alleged prison misconduct before finding that he posed a danger to the community. King says that due process entitles him to an opportunity to contest factual propositions affecting his sentence, *see United States v. Neal*, 611 F.3d 399, 402 (7th Cir. 2010), and that here the district court was required to conduct an evidentiary hearing to ensure that it accurately resolved the disputed facts about his post-sentencing conduct.

King, however, was entitled not to an evidentiary hearing, but only some opportunity to respond to the facts that the court relied upon to decide his § 3582(c)(2) motion. *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009); *see also Neal*, 611 F.3d at 402; *United States v. Styer*, 573 F.3d 151, 153-54 (3d Cir. 2009). In deciding a motion under § 3582(c)(2), a district court need not conduct a full resentencing hearing, and has discretion to decide the motion based on reported citations for post-sentencing conduct. *See Young*, 555 F.3d at 612 (affirming the denial of an unopposed § 3582(c)(2) motion based on the defendant's prison misconduct). Here King was not denied due process because he was given an opportunity to respond to prison citations listed in the addendum to the PSR when he filed his § 3582(c)(2) motion—almost two months after being provided the supplemental report. King did not take the opportunity to challenge his prison disciplinary record, and the district court did not abuse its discretion by relying on the facts in the addendum to the PSR and denying King's motion without a hearing.

King argues that he was nonetheless entitled to an evidentiary hearing under U.S.S.G. § 6A1.3 because the facts about his prison violations were "reasonably in dispute."

But King waived his factual challenges to the content of the supplemental sentencing report when he did not raise them until his motion to reconsider; this stage is too late in the proceedings to introduce an argument that could have been raised earlier. *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010), *see also United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). The citations reported in the addendum to King's PSR were thus never in dispute, and the district court acted within its discretion when it did not conduct an evidentiary hearing and denied King's motion.

AFFIRMED.