**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1198
_____

UNITED STATES OF AMERICA

v.

LICURTIS G. WHITNEY,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 07-cr-00028-001)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2012
_____

Before: SLOVITER, AMBRO and BARRY, Circuit Judges

(Opinion Filed: November 27, 2012 )
_____

OPINION
_____

BARRY, Circuit Judge

    Appellant Licurtis Whitney ("Whitney") pled guilty to violating 21 U.S.C. § 841

(a)(1), (B)(1)(A) and § 846 and was sentenced to 75 months' imprisonment and a

mandatory minimum term of 5 years of supervised release. Whitney appealed, and we

affirmed the judgment of sentence.  On December 7, 2011, he filed a motion for

modification of sentence under 18 U.S.C. § 3582(c)(2) in light of the changes in the crack

cocaine guidelines.  The District Court denied the motion, and Whitney again appeals.

We will affirm.[1]

## I.  Discussion

Whitney's sole argument before us is that the District Court denied his motion for

modification of sentence without holding an evidentiary hearing.  It does not appear that

he requested an evidentiary hearing in the District Court, nor did he request that the

District Court reconsider its decision to deny his motion without one.  Consequently, we

review for plain error.  *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (en

banc).  On plain error review, Whitney must show that:  "1) the District Court committed

an error; 2) the error was plain, i.e., it was clear under current law; and 3) the error

affected substantial rights, i.e., it affected the outcome of the proceedings." *United States

v. Watson*, 482 F.3d 269, 274 (3d Cir. 2007).  If those prerequisites are satisfied, we may

correct the error, but only if that error, uncorrected, would seriously affect "the fairness,

integrity or public reputation of judicial proceedings." *Vazquez*, 271 F.3d at 99.

The President signed the Fair Sentencing Act ("FSA") of 2010 into law on August

3, 2010.  Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 2, 124 Stat. 2372, 2372

(2010).  The FSA reduced the crack/powder ratio to approximately 18:1 and changed the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.

threshold quantities of crack cocaine necessary for mandatory minimum sentences under 21 U.S.C. § 841(b). *Id.* The Act also vested the Sentencing Commission with emergency authority to promulgate guideline amendments in accordance with the FSA. *Id.* at § 8. After it promulgated the appropriate emergency amendment, the Sentencing Commission promulgated Amendment 750 which was made retroactive by Amendment 759. U.S. Sentencing Guidelines Supp. App. C, amend. 750 (2011) (effective Nov. 1, 2011); U.S. Sentencing Guidelines Supp. App. C, amend. 759 (2011) (effective Nov. 1, 2011) .

In accordance with the FSA, Whitney sought a modification of sentence pursuant to § 3582(c)(2), which provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10 contains the aforementioned policy statements and Application Note B lists factors for a district court to consider in rendering its decision. The factor most pertinent to this appeal states that a district court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment" in determining whether to reduce a sentence of imprisonment. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1 (B)(iii) .

Whitney does not argue that the District Court could not consider his post-

sentencing conduct—possessing a cell phone, assaulting a prison officer, and refusing to obey the orders of a prison officer—in denying his motion, but rather argues that consideration of that conduct was premature because the District Court "never held an evidentiary hearing to determine whether the allegations levied against the Appellant were true." Appellant's Br. 14.

Whitney was aware of the post-sentencing prison misconduct that served as the factual basis for the District Court's denial of his motion and referenced it in his motion for modification of sentence. He did not, however, argue that he did not commit the conduct at issue, noting only that "no charges are pending at this time" and that "any alleged infraction Defendant may have had should have no bearing on the application of the FSA as to his sentence." App. 19.

Whitney exclusively relies on *United States v. Neal* to support his argument that the District Court committed error in denying his motion without a hearing. 611 F.3d 399, 400 (7th Cir. 2010). As here, in *Neal* the defendant had moved to reduce his sentence in light of the amendments to the crack cocaine guidelines. The district court denied the motion, stating that the sentence was necessary to promote the defendant's "respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes." *Id.* Two weeks later, the court amended its explanation for the denial, adding that an additional basis for denying the motion was the fact that "prison officials informed the Court" of defendant's post-sentencing prison misconduct. *Id.* at

400-01. The court did not hold an evidentiary hearing to consider this new evidence before rendering its revised explanation.

This appeal differs from *Neal* in several respects, two of which are critical. First, as the Seventh Circuit explained, the district court's amended explanation in *Neal* contained information that was not in the record. Second, the defendant in *Neal* never had an opportunity to contest the amended factual basis for the district court's denial of his motion before his time to appeal expired. Unlike in *Neal*, Whitney had the report; was aware when he submitted his motion that the probation office and the government would oppose his motion based on his misconduct; and had the opportunity to dispute that misconduct. *Cf. Styer*, 573 F.3d at 154 (holding that the district court did not abuse its discretion in denying defendant an evidentiary hearing where defendant failed to identify "what information he would have presented at a hearing that he did not include in the papers supporting his motion"). There was no need for a hearing because there was no evidentiary dispute for the District Court to resolve. Accordingly, the District Court did not err, much less commit plain error, in denying Whitney's motion.

## II. Conclusion

The order of the District Court will be affirmed.