NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013[*]
Decided June 24, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3555

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 464-33 |
| ERIC L. JOHNSON, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Eric Johnson appeals the denial of his motion seeking a reduced sentence based on a retroactive amendment to U.S.S.G. § 2D1.1. See 18 U.S.C. § 3582(c)(2). That amendment lowered the base offense level for many crimes involving crack cocaine. Because the district court correctly determined that the amended guideline would have yielded the identical range of imprisonment, we affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

As a member of the Black Disciples street gang, Johnson sold drugs on the south and east sides of Chicago and oversaw security at four drug-distribution points. Johnson was indicted following a major, multi-agency investigation, and he pleaded guilty in 2005 to conspiring to possess with intent to distribute cocaine, heroin, crack, and marijuana, see 21 U.S.C. §§ 846, 841(a)(1). Johnson conceded that he was accountable for at least 150 kilograms of cocaine, 30 kilograms of heroin, and 1.5 kilograms of crack. Based on these quantities, Johnson's base offense level was 38. See U.S.S.G. § 2D1.1(c)(1) (2005). With his criminal history and an upward adjustment for his role in the offense, see *id*. § 3B1.1(b), the sentencing guidelines yielded an imprisonment range of 292 to 365 months. The district court sentenced Johnson to 146 months, citing the government's motion under U.S.S.G. § 5K1.1 for a below-guidelines sentence based on Johnson's cooperation.

Johnson filed his § 3582(c)(2) motion in August 2012. He sought a reduced sentence based on the retroactive application of Amendment 750 to the guidelines, which implemented the Fair Sentencing Act of 2010 by reducing the base offense level for many crack offenses. See U.S.S.G. app. C, amends. 750, 759. The district court denied the motion after concluding that Amendment 750 did not change Johnson's imprisonment range. Even if Johnson had not been accountable for any crack, the court reasoned, the heroin and powder cocaine to which he admitted would have yielded the same base offense level.

On appeal, Johnson asserts that the district court improperly denied his motion, but he devotes the lion's share of his appellate brief to arguing that the FSA, which increased the amounts of crack needed to trigger statutory minimum sentences under § 841, applies retroactively to all defendants sentenced after its enactment. That proposition is beyond dispute. See *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). But Johnson was sentenced in 2006, well before the FSA's enactment. More importantly, retroactivity (or a lack of retroactivity) is not the roadblock facing Johnson. The amendments made by the Sentencing Commission to reduce the guidelines ranges for crack offenses are retroactive for all defendants, even those who were sentenced before the statute's enactment. Johnson's problem, however, is that he trafficked in significant quantities of other drugs besides crack.

Beyond asserting that "the facts and the record prove" that he would receive a lower sentence under the current version of § 2D1.1(c), Johnson does not address the district court's explanation for denying his motion, and we see no error in the court's conclusion. The 30 kilograms of heroin and 150 kilograms of powder cocaine for which Johnson conceded responsibility together equate to 60,000 kilograms of marijuana—twice the amount necessary to yield a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1) & cmt. n.10(D) (2005). And because § 3582(c)(2) does not permit district courts to reexamine findings made at sentencing, *Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010); *United*

*States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010); *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010), the district court could not have deviated from these quantities even if Johnson had disputed them.

**AFFIRMED.**