NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0010n.06

No. 16-5633

**FILED**
Jan 05, 2017
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JONATHAN L. LIGHT, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    SUHRHEINRICH, SUTTON, and MCKEAGUE, Circuit Judges.

SUHRHEINRICH, Circuit Judge.   Defendant Jonathan Light appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Because the district court did not abuse its discretion, we AFFIRM.

**I.**

Defendant was convicted of conspiracy to distribute, and possession with intent to distribute, oxycodone, in violation of 21 U.S.C. § 846.  Based on stipulations made during his guilty plea, Defendant was deemed responsible for 2,515 oxycodone pills, 30 milligrams each, with a marijuana equivalent of 506 kilograms, resulting in a base offense level of 28.  (PSR ¶¶ 12, 19).   Defendant's offense level was reduced by three points for acceptance of responsibility.  This gave him a total offense level of 25.  (PSR ¶¶ 26-28).   Given that his criminal history category was VI, the resulting guidelines range was 110 to 137 months'

imprisonment. (PSR ¶¶ 46, 66). Prior to sentencing, the United States filed a motion for downward departure due to Defendant's substantial assistance. The district court granted it and imposed a sentence of 84 months' imprisonment, 24% below the guidelines range.

In 2016, Defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Sentencing Guidelines Amendments 782 and 788.[1] Under Amendment 782, Defendant's drug quantity resulted in a base offense level of 26. Thus, Defendant's total offense level would be 23 and his new guideline range was 92 to 115 months' imprisonment. Because Defendant had received a downward departure pursuant to the government's substantial assistance motion, he was eligible for a comparable reduction below his amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A),(B). A 24% reduction below the bottom of his amended guidelines range would mean a sentence of 70 months. The United States acknowledged that the court had the discretion to reduce Defendant's sentence, but noted that Defendant "ha[d] been sanctioned for using drugs in June 2015 and possessing gambling paraphernalia in June 2014."

The district court denied the motion. The court found that Defendant was eligible for, but not entitled to, a reduction under Amendment 782 given his post-sentencing conduct and his history and characteristics. The court pointed out that Defendant was only twenty-five years old at his original sentencing but had already amassed 17 criminal history points, which he nonetheless disclaimed as "an overstated consequence of his drug addiction and lack of discipline." (citing Defendant's Sentencing Memorandum, R. 301 p.2). The district court was "disappointed to learn that" Defendant was "apparently not addressing either of those issues" while in custody. While incarcerated, Defendant received "at least three disciplinary sanctions for misconduct including use of suboxone as recently as June 2015." Furthermore, he had taken

---

[1] Amendment 782, which became effective on November 1, 2014, lowered the sentencing guidelines for drug offenses by two levels. Amendment 788 made Amendment 782 retroactive. *See United States v. Lucas*, 636 F. App'x 296, 297-98 (6th Cir. 2016).

only minimal vocational coursework; had refused to participate in a financial responsibility class; was classified as "unqualified" for a residential treatment program; and was "expelled" from a residential treatment program designed to facilitate institutional adjustment. Thus, the district court emphasized that "[D]efendant's conduct while incarcerated—paired with his history and characteristics—reinforce[d] the need to promote respect for the law, adequately deter criminal conduct, and protect the public from further crimes by this defendant." (citing U.S.S.G. §1B1.10 cmt. n.1(B)(ii)).

Defendant filed this timely appeal.

**II.**

The district court's denial of Defendant's § 3582 motion is reviewed for abuse of discretion. *United States v. McClain*, 691 F.3d 774, 776 (6th Cir. 2012). A court abuses its discretion when it relies on clearly erroneous facts, improperly applies the law, or uses an erroneous legal standard. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009).

Section 3582(c)(2) allows a district court to reduce a defendant's sentence if it was based on a sentencing range that the Sentencing Commission subsequently lowers via a retroactive amendment, like Amendment 782. *See* 18 U.S.C. § 3582(c)(2); *see also* 28 U.S.C. § 994(u); U.S.S.G. § 1B1.10. The court must also consider whether and to what extent any authorized reduction is warranted in the particular case, based on consideration of the 18 U.S.C. § 3553(a) factors. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Section 3582(c)(2) does not entitle the defendant to a sentence reduction. *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). Instead, it gives a district judge discretion to decide if one is warranted. *See* § 3582(c)(2) (stating that "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a)") (emphasis added).

Here, the parties agreed that Defendant could not receive less than 70 months' imprisonment under Amendment 782. However, the district court refused to reduce Defendant's sentence below the 84 months already imposed. Defendant rightly does not argue that the district court erred in examining post-sentencing conduct, because such conduct is relevant to the determination of whether a defendant should receive a sentence reduction and to what extent. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii); *United States v. Jones*, 407 F. App'x 22, 25 (6th Cir. 2011); *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010). Rather, Defendant claims the court abused its discretion because it relied on post-sentencing prison infractions that are not in the record. Appellant's Br. at 3. Defendant therefore claims that because the district court's findings lack an evidentiary basis in the case record, they are clearly erroneous. *See United States v. Mahaffey*, 53 F.3d 128, 133 (6th Cir. 1995) (stating that a district court's finding that "lacks an evidentiary base in the record" is clearly erroneous). The United States concedes that "[D]efendant's official disciplinary record while incarcerated is not part of the publicly-available court record." Appellee's Br. at 6.[2]

Notably, Defendant, who was in the best position to know the facts, does not contend—or even suggest—that what the district court and the United States said about his disciplinary record or post-sentence conduct isn't true.[3] *See United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010) ("Yet it was *his* history; who knew it better?"). Had that been the case, he could have sought reconsideration on that ground. *Cf. id.* at 402 (holding that "[i]f the judge [was] mistaken

---

[2] In its response to Defendant's § 3582(c) motion, the United States also represented that "[a]ccording to the Bureau of Prisons, defendant has been sanctioned for using drugs in June 2015 and possessing gambling paraphernalia in June 2014." The United States added that it "ha[d] no other specific information to present in opposition to a sentence reduction and thus defer[red] to the Court's discretion" regarding any sentence reduction under Amendment 782.

[3] Defendant also complains that while the United States cited two prior disciplinary sanctions, the district court referenced three separate incidents. Again, Defendant does not claim that the infractions—whether two or three—did not occur.

about [the defendant's] conduct in prison, reconsideration [would be] in order"); U.S.S.G. § 6A1.3 (stating that a defendant must be given an opportunity to dispute any factor relevant to the sentencing determination that is reasonably in dispute). For this reason, *Neal* is distinguishable. There, the defendant contended that the district court was "mistaken" about the defendant's prison disciplinary record, and the appeals court did not know where the district court got its information and whether it was correct. *Neal*, 611 F.3d at 402 As a result, the *Neal* defendant was not given a chance to dispute "contestable factual allegations that affect[ed] the sentence" or to bring in "evidence of his own that would call into question the judge's understanding of his record or cast his intra-prison conduct in a better light." *Id.*

But Defendant does not allege that the district court was mistaken about his conduct in prison. It is therefore difficult to perceive any abuse of discretion here. *Cf. United States v. Whitney*, 505 F. App'x 105, 107 (3d Cir. 2012) (holding that the district court did not commit plain error in denying the defendant's motion for reduction of sentence because the defendant was aware of the post-sentencing misconduct that served as the factual basis for the denial and "did not, however, argue that he did not commit the conduct at issue"). Furthermore, although Defendant does not otherwise complain that the district court's explanation was inadequate, we note that the court indicated that it had considered the § 3553(a) factors, and specifically identified those it deemed relevant, along with public safety considerations. *See*, *e.g.*, *Jones*, 407 F. App'x at 25-26 (affirming the district court's decision where its order identified the relevant § 3553(a) factors); *United States v. Archer*, 362 F. App'x 491, 496 (6th Cir. 2010) (finding no abuse of discretion where the court recognized that § 3582(c)(2) required it to consider the § 3553(a) factors and then listed several of the § 3553(a) factors that it "explicitly deemed 'relevant'" to the § 3582(c) request).

**III.**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.