**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7795**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOHN JACKSON, a/k/a Aaron Green,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:05-cr-00184-1)

Argued:  October 25, 2022                               Decided:  July 11, 2023

Before RICHARDSON and RUSHING, Circuit Judges, and Sherri A. LYDON, United States District Judge for the District of South Carolina, sitting by designation.

Affirmed by unpublished opinion.  Judge Rushing wrote the majority opinion, in which Judge Lydon joined.  Judge Richardson wrote a dissenting opinion.

**ARGUED:** Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Negar M. Kordestani, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Wesley P. Page, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Lisa G. Johnston, Acting United States Attorney, John J. Frail, Assistant United States Attorney, OFFICE

OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

RUSHING, Circuit Judge:

Pursuant to the First Step Act, the district court reduced John Jackson's prison sentence by 27 months and his supervised release by two years. Jackson appeals, contending that the district court committed two procedural errors that warrant remand. We affirm.

In 2006, Jackson pleaded guilty to possession with intent to distribute 5 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). After determining that Jackson was a career offender, the district court calculated an advisory Sentencing Guidelines range of 262 to 327 months' imprisonment. The court sentenced Jackson to 262 months' imprisonment, eight years of supervised release, a $100 special assessment, and a $7,500 fine.

In 2019, Jackson moved for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the First Step Act, 132 Stat. at 5222, permits a district court to reduce a sentence previously imposed for certain crack cocaine offenses by retroactively applying Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Through counsel, Jackson argued that he was eligible for a sentence reduction, that he no longer qualified as a career offender, and that his amended Guidelines range was 57 to 71 months. Because he had already served more than 12 years in prison, Jackson urged the district court to impose a sentence of time served with no supervised release. In response, the Government agreed that Jackson was eligible for Section 404 relief but contended he still qualified as a career offender. The Government calculated Jackson's amended Guidelines range as 188 to 235 months and urged the court

3

to reduce his sentence to within that range, followed by six years of supervised release. Jackson did not file a reply.

The district court determined that Jackson was eligible for a sentence reduction and that his new Guidelines range was 188 months to 235 months. After considering the 18 U.S.C. § 3553(a) factors, the court concluded "that a sentence at the high end of the [G]uideline range is appropriate." *United States v. Jackson*, No. 3:05-00184-01, 2019 WL 5681191, at *4 (S.D. W. Va. Oct. 31, 2019). The court specifically noted that Jackson "has been sanctioned repeatedly over the entire term of his imprisonment without any sign of improved institutional adjustment," citing a probation memorandum. *Id.* When describing the background facts of the case, the district court elaborated that Jackson had "completed two drug education programs" while incarcerated but had "also been subject to sanctions on at least thirty-five separate occasions," including "numerous instances of engaging in sexual acts, refusing work assignments, and threatening bodily harm," citing the same memorandum. *Id.* at *1. The court reduced Jackson's sentence to "235 months of imprisonment, but not less than time served, to be followed by six years of supervised release" and did not change Jackson's fine or special assessment. *Id.* at *4 & n.5.

Jackson appealed. We held his appeal in abeyance on two separate occasions pending decisions from our Court and the Supreme Court clarifying a district court's procedural obligations when deciding a Section 404 motion and our standards for reviewing those decisions. The primary contours of First Step Act procedure having been drawn, what remains of this appeal is a narrower, fact-specific dispute.

4

We review a district court's grant or denial of Section 404 relief for abuse of discretion. *United States v. Reed*, 58 F.4th 816, 819–820 (4th Cir. 2023); *United States v. Collington*, 995 F.3d 347, 358–359 (4th Cir. 2021). "A district court abuses its discretion if its decision to retain or reduce a sentence under the First Step Act is procedurally or substantively unreasonable." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023). But "[a]s a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," and, "[o]ther than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (internal quotation marks omitted).

When assessing whether a district court's Section 404 decision was procedurally reasonable, we evaluate whether the district court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Reed*, 58 F.4th at 820 (internal quotation marks omitted). As we have recently explained in the context of procedural reasonableness, "[i]n resolving a motion under the First Step Act, a district court's discretion is broad and its burden light." *Troy*, 64 F.4th at 184.

Jackson contends that his reduced sentence is procedurally unreasonable because (1) the district court did not solicit further argument from the parties after it determined the applicable Guidelines range and (2) the district court relied on information about Jackson's prison conduct that was not disclosed to him. We find neither argument persuasive.

5

As to the first contention, Jackson concedes on appeal that the district court correctly calculated the applicable Guidelines range.  The Government calculated the same correct range in its district court filing.  Jackson chose not to reply to that filing or to present an alternative argument based on that sentencing range.  Instead, he argued exclusively for a sentence within what he now concedes was an incorrectly calculated Guidelines range. Jackson nevertheless contends that, after the district court resolved the Guidelines dispute, it was required to solicit a second round of argument from the parties so that he could present arguments recalibrated to that corrected range.  Although this is the typical sequence of events during a plenary sentencing hearing, *see United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007), defendants are not entitled to hearings on their Section 404 motions, *see Collington*, 995 F.3d at 360.  Acknowledging that no hearing was requested or required, Jackson suggests that another round of briefing would have been appropriate because of the wide gulf between the parties' Guidelines calculations.  But as Jackson admits, the reason for that gulf was his own erroneous calculation.  The district court gave Jackson and the Government the opportunity through briefing to present their Guidelines calculations, to discuss the § 3553(a) factors, and to advocate for whatever sentence they deemed appropriate.  That procedure was sufficient.

Jackson bases his second assignment of error on the district court's consideration of his postsentencing conduct.  Despite urging the district court to evaluate the § 3553(a) factors and all information concerning his "background, character, and conduct," 18 U.S.C. § 3661, Jackson made no argument to the district court about his postsentencing conduct. Neither did the Government.  The court nevertheless considered Jackson's prison conduct,

6

both positive and negative, in reaching its decision. The record suggests that the district court expected that the memorandum detailing this information would be disclosed to the parties, but apparently it was not.

It is reversible procedural error to select a sentence based on clearly erroneous facts. *See Reed*, 58 F.4th at 820; *cf. Gall v. United States*, 552 U.S. 38, 51 (2007). But Jackson does not contend that what the district court said about his postsentencing conduct is untrue, so he is not entitled to relief on that basis. *Cf. United States v. Vestal*, 716 Fed. App. 512, 514 (6th Cir. 2017) ("Given that neither [defendant] asserts that the district court was mistaken about his post-sentencing conduct, we can discern no abuse of discretion."). Indeed, at oral argument, Jackson's counsel explained that his prison disciplinary record was filed on the docket in subsequent proceedings in this case and, having reviewed it, he did not dispute its accuracy. Oral Arg. at 35:09–35:15.

Jackson argues that because his prison disciplinary record was "never disclosed" to him, he was given "no opportunity to counter" it. Supp. Opening Br. at 9. "Yet it was *his* history; who knew it better?" *United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010). And postsentencing conduct is invariably relevant at resentencing, *see*, *e.g.*, *Concepcion*, 142 S. Ct. at 2402–2403; *Pepper v. United States*, 562 U.S. 476, 490–491 (2011), as Jackson's seasoned counsel acknowledged, *see* Oral Arg. at 3:38–5:01. Jackson had the opportunity to explain his extensive disciplinary record and tout his positive postsentencing conduct in his briefing to the district court but he did not, instead making the strategic choice to focus exclusively on what he now realizes was an incorrect argument for a time-served sentence. Jackson notes that at an original sentencing hearing, defense counsel has

7

the chance to comment on the presentence report and any other information on which the court will rely. *See* Fed. R. Crim. P. 32(e), (i)(1). But again, procedural reasonableness does not require a resentencing hearing for Section 404 motions. *See Collington*, 995 F.3d at 360. Nor does Jackson claim there was any factual dispute to resolve. On this record, we cannot find that the district court denied Jackson an opportunity to address his disciplinary record or based its sentence on clearly erroneous facts.

Confining our review to the arguments Jackson has made on appeal, we conclude the district court did not commit "significant procedural error." *Reed*, 58 F.4th at 820 (internal quotation marks omitted). And Jackson does not challenge the substantive reasonableness of his reduced sentence. So the judgment of the district court is

*AFFIRMED.*

8

RICHARDSON, Circuit Judge, dissenting:

In resentencing this defendant, the district court got prison disciplinary records from the executive branch (the Bureau of Prisons) and relied on them. Typically, there is nothing wrong with this common occurrence. But here, the defendant received no notice that the district court received that information or intended to rely on it. The majority says that this is ok because, even without notice, the defendant had the opportunity to preemptively inject his own prison disciplinary records. I respectfully disagree: A district court cannot—unbeknownst to the defendant—obtain information from the government and then—still unbeknownst to the defendant—consider that information when fashioning a sentence.

First, a brief retelling of the circumstances. John Jackson moved to reduce his sentence under the First Step Act. In his motion, he made no argument about his postsentencing conduct. In response, the United States Attorney agreed that Jackson was eligible for resentencing but opposed the requested, reduced sentence. Like Jackson, the United States Attorney didn't mention postsentencing conduct. The district court granted Jackson's motion for resentencing. Yet the court did not reduce his 262-month sentence as much as Jackson wanted. To Jackson's surprise, the court's order relied on Jackson's postsentencing conduct in prison to justify the new 235-month sentence. *United States v. Jackson*, No. 3:05-00184-01, 2019 WL 5681191, at *4 (S.D. W. Va. Oct. 31, 2019).

In the order, the district court underscored that Jackson had "been subject to sanctions on at least thirty-five separate occasions." *Id.* at *1. It later reiterated that Jackson had "been sanctioned repeatedly" while in prison. *Id.* at *4. And the district court didn't hide the ball on where it got that information: the government. *See id.* at *1 n.1.

9

But not the government through a filing from the United States Attorney's Office, which Jackson could see and respond to; instead, the district court had directed the United States Probation Office to file a memorandum on Jackson. And Probation, in turn, collected information from the Bureau of Prisons.

The majority sees no problem. They say that Jackson—even without disclosure of the information—knew his own prison record and thus had the opportunity to address it. *See* Maj. Op. at 7. But his knowledge and opportunity to interject his prison record is not enough. Even in a First Step Act resentencing, a defendant has a right to notice of the factual information that the court is relying on to impose the sentence. Without that notice, the defendant's opportunity to respond—whether to contest or contextualize—is illusory.

To be clear, the issue is not that this information—Jackson's prison disciplinary record—was not disclosed to him. On that point, the majority and I agree: Jackson likely knew his disciplinary record better than anyone. It was *his* record after all. The issue, rather, is that Jackson had no idea that the information had been disclosed to the district court, let alone that the district court was considering it in when fashioning his sentence.

Since our founding, sentencing judges have appropriately possessed wide discretion to consider aggravating and mitigating information in crafting the right sentence. *See generally Concepcion v. United States*, 142 S. Ct. 2389 (2022). That discretion permits considering prison behavior in a First Step Act resentencing. And resentencing regularly does in fact address prison behavior.

But that's because prison behavior is regularly addressed by the parties. (What new factual information, you might wonder, can a criminal defendant point to when they are

10

back before a judge on resentencing other than how they've shaped up?)  That didn't happen here.  Unbeknownst to the defendant, the district court obtained and considered information that the defendant had no reason to believe that the district court had.  Neither party had mentioned it, nor did the district court have a standing order that prison records would be considered as part of any First Step Act resentencing.  So Jackson had no idea—until it popped up in the sentencing order—that the district court was even considering that information.

In fairness to the district court, the docket suggests that the court expected Probation's memorandum—presumably containing Jackson's prison disciplinary record—to be filed, and thus provided to the parties.  But it appears that never occurred.  Given that lack of notice, I would vacate Jackson's sentence.  I thus respectfully dissent.